IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEVION WILLIAMS                                                                 PLAINTIFF

v.                                    Case No. 4:20-cv-04070

BNSF RAILWAY COMPANY and
UNION PACIFIC RAILROAD/CORPORATION                                  DEFENDANTS

## ORDER

      Before the Court is Defendants' unopposed Motion for Protective Order. (ECF No. 24). The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information that may be discovered. Upon consideration, the Court finds that the instant motion (ECF No. 24) should be and hereby is **GRANTED**. The Protective Order is as follows:

      Pursuant to Rule 26(c), FRCP, Defendants BNSF Railway Company [hereinafter "BNSF"], Union Pacific Railroad Company [hereinafter "UP"], and Plaintiff Devion Williams have agreed to the following terms for this Protective Order regarding the following video recordings.

      This case involves an incident that occurred on or about December 10, 2019, when Plaintiff Devion Williams attempted to cross through BNSF's train located on UP's property near 800 East Broad Street, Texarkana, Miller County, Arkansas. While doing so, Plaintiff became stuck and was caused to fall back when the BNSF train moved. He was then struck by the moving BNSF train, sustaining injury. As part of BNSF's Initial Disclosures in this lawsuit, BNSF intends to identify as a confidential and proprietary item the locomotive video recordings from BNSF 5838, the lead locomotive on the train that previously had moved passed the location where the incident occurred. BNSF requests a Protective Order limiting use of this evidence for the purposes related to this litigation only.

It is ORDERED that the locomotive video recordings and any still photographs from the locomotive BNSF 5838 taken on December 10, 2019, near 800 East Broad Street, Texarkana, Miller County, Arkansas, shall not be disclosed, produce, copied, reproduced, modified or otherwise disseminated by Plaintiff and his counsel to anyone other than Plaintiff's consultants, witnesses, expert witnesses, attorneys, employees, or agents and shall be used only for the sole purpose of this case.

It is FURTHER ORDERED that Plaintiff and his respective legal counsel shall not allow these locomotive video recordings or any still photos from the video recordings to be disseminated to the Internet or any other electronic media, other than during the course and for the purpose of depositions, hearings, and trial in this matter.

It is FURTHER ORDERED that Plaintiff and his legal counsel shall ensure these locomotive video recordings and any still photos from the locomotive video recordings will remain in their custody and control at all times and shall not be given or displayed to any other attorney outside of their respective firms who are not involved in this litigation and that if the locomotive video recordings or any still photographs from the locomotive video recordings is given to any consultant, witnesses, expert witnesses, attorneys, employees, or agents, that these individuals shall be advised of this Protective Order, sign the attached Exhibit A, and all shall be bound by the same, and further that they shall not disseminate the locomotive video recordings or any still photographs from the locomotive video recordings to the Internet, any outside media, or electronic media, or any other individuals or use the locomotive videos recordings or any still photographs from the locomotive video recordings for any purpose other than this litigation.

It is FURTHER ORDERED that within ten business days of a written request by BNSF at the conclusion of this case, the locomotive video recordings and still photographs of the

locomotive video recordings will be returned to BNSF, including the original recording medium containing the locomotive video recordings and any and all copies of the locomotive video recordings, software, or any other portion of the recording medium. This Protective Order does not in any way restrict the use of the locomotive video recordings or any still photographs from the locomotive video recordings at any deposition, hearing or trial of this cause. If the locomotive video recordings or any still photographs from the locomotive video recordings are used as an exhibit to a Motion or at deposition, they shall be identified as confidential.

**IT IS SO ORDERED**, this 16th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge